UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GRACE S. WHALEY.     )
    Plaintiff,     )
         )
v.     )    No. 3:07-CV-212
         )    (Phillips)
U.S. DEPARTMENT OF LABOR,     )
    Defendant     )

## MEMORANDUM OPINION

Plaintiff Grace S. Whaley has brought this action against the Department of Labor (DOL) to the reverse the agency's decision to deny her compensation to which she is entitled as the "covered spouse" of her deceased husband, Columbus Whaley, under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000, as amended (EEOICPA), 42 U.S.C. § 7384 *et seq*. Whaley's claim for compensation under Part E of EEOICPA is based on the allegation that the death of her 81-year old husband on October 1, 1990 was contributed to by illnesses resulting from his exposure to toxic substances during his employment at the X-10 plant in Oak Ridge, Tennessee. The deceased, Columbus Whaley, was employed from 1943 to 1971 as a security guard at the X-10 plant. The DOL found that there was no objective evidence in the file that would support a diagnosis of the illnesses that plaintiff claimed contributed to her husband's death and denied plaintiff's claim.

## Background

Part E of EEOICPA establishes a program of compensation for covered DOE contractor employees or their eligible survivors. To be a covered DOE contractor employee, an individual must be, or have been, employed as a "DOE contractor employee," and have been determined to have contracted an illness as a result of exposure to a toxic substance at a DOE facility. 41 U.S.C. § 7385s(1). In a claim where the DOE contractor employee is deceased, a survivor may only receive compensation if an illness contracted due to exposure to a toxic substance at a DOE facility was a significant factor in aggravating, contributing to, or causing the death of the employee. 42 U.S.C. § 7385s-3(a)(1). Thus, in order to receive compensation as a survivor under Part E, DOL must find that the employee contracted an illness due to exposure to a toxic substance at a DOE facility, and that the illness was a significant factor in aggravating, contributing to, or causing the death of the employee. Both the existence of the illness and its significance in the death of the employee must be proven by the claimant by a preponderance of the evidence. 20 C.F.R. § 30.111(a).

On July 23, 2003, plaintiff filed a claim for benefits under Part B of EEOICPA alleging that her deceased husband had been diagnosed with a cerebrovascular accident, arteriosclerosis heart disease, and breathing problems that were causally related to his employment at X-10. Plaintiff submitted a death certificate from the State of Tennessee that confirmed her husband's death on October 1, 1990 and listed cerebrovascular accident and arteriosclerosis heart disease as causes of his death. Plaintiff also filed a claim under

the now repealed, but then effective, Part D of EEOICPA,[1] listing the same illnesses that were named in her Part B claim.

On December 1, 2003, DOL issued a recommended decision denying plaintiff's claim for survivor benefits under Part B on the ground that she had not provided the required medical evidence to establish that her late husband had been diagnosed with an illness compensable under Part B. On January 6, 2004, plaintiff objected to the recommended decision alleging that Columbus Whaley had contracted two compensable illnesses – chronic beryllium disease (CBD) and cancer – prior to his death. The agency remanded the case back to the district office for further development. After failing to receive any additional medical evidence from plaintiff in support of her claim, the district office issued a second recommended decision on March 23, 2005 denying the claim under Part B of EEOICPA on the ground that there was insufficient evidence in the file that the employee was diagnosed with a compensable illness.

Plaintiff filed a timely objection to the second recommended decision and submitted a medical report from Dr. Ronald Higgs, in which he reviewed the employee's medical records and concluded that Columbus Whaley had contracted CBD. The claim was remanded a second time to the district office based on Dr. Higgs' report. After plaintiff submitted no additional medical evidence, the district office referred the case file to Dr. John Ellis, a District Medical Consultant, who is a Board-certified specialist in occupational

---

[1] Following the repeal of Part D of EEOICPA, plaintiff's claim under Part D was subsumed by the more recently enacted Part E. 42 U.S.C. § 7385s *et seq.*

3

medicine and has a Masters Degree of Public Health (Occupational Medicine). In his March 8, 2006 report, Dr. Ellis concluded that the case file, which contained all of the employee's available medical records, included no credible evidence of chronic respiratory disorder disease. Dr. Ellis noted that a history sheet completed and signed by the employee days before his retirement in 1971 indicated no use of cough medicines, shortness of breath, or related respiratory problems such as wheezing or sputum. In addition, Dr. Ellis noted that an October 8, 1970 medical history indicated that the employee smoked between one and one and 1/2 packs of cigarettes a day. Dr. Ellis also concluded that there was no medical diagnosis of chronic obstructive pulmonary disease (COPD) in the file.

As for the contention that the employee had contracted CBD, Dr. Ellis noted that a 1962 x-ray showed one calcified granuloma. However, Dr. Ellis opined that a single calcified granuloma alone is consistent with a large number of disorders, usually of little or no clinical significance. Dr. Ellis also indicated that there were no records of non-calcified granulomas or interstitial or related changes (*e.g.,* fibrosis, nodular changes, honeycombing) characteristic of CBD. Dr. Ellis also found that the employee's occasional bouts of influenza were not indicative of CBD.

In response, plaintiff submitted an October 17, 2006 report in which Dr. Marty Wallace opined that the employee's occasional bouts with influenza were proof that he had COPD. Dr. Wallace also opined that the single calcified granuloma noted in the x-ray was evidence of CBD.

On October 30, 2006, the district office issued a recommended decision denying plaintiff's claim under Part B on the ground that the medical evidence did not establish a diagnosis of either CBD or cancer.[2] The district office also recommended denial of plaintiff's claim under Part E on the ground that there was insufficient medical evidence in the file that the employee had contracted any of the alleged covered illnesses.

On November 17, 2006, plaintiff filed an objection to the recommended decision and submitted a report from Dr. Charles W. Bruton in which Dr. Bruton opined that the employee had contracted COPD that reasonably could have contributed to the cardiovascular accident that caused his death.

The agency issued a decision on May 16, 2007 denying plaintiff's claims under Parts B and E, finding that the medical evidence failed to establish that Columbus Whaley had contracted either CBD or COPD. It further found that the medical evidence of record did not establish a causal link between the illnesses that did contribute to Whaley's death (cerebral vascular accident, arteriosclerosis heart disease and breathing problems) and exposure to a toxic substance at a DOE facility. The agency concluded that the totality of the evidence did not establish that Whaley was diagnosed with a "covered illness" as the term is defined by § 7385s(2).

---

[2] Plaintiff's complaint does not challenge the agency's decision with regard to the Part B claim.

## Analysis

The court has jurisdiction to review the agency's decision denying benefits to plaintiff under Part E of EEOICPA. 42 U.S.C. § 7385s-6(a). The court may modify or set aside such decision only if the court determines that such decision was arbitrary or capricious." *Id.* The Sixth Circuit has held that the "arbitrary or capricious" standard is the "least demanding form of review of administrative action. . . . When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious." *Perry v. United Food and Commercial Workers Dist. Unions,* 64 F.3d 238, 242 (6th Cir. 1995). The "arbitrary and capricious" standard is the most deferential standard of judicial review of agency action, upholding those outcomes supported by a reasoned explanation, based upon the evidence in the record as a whole. *Michigan Bell Telephone Co. v. Metro Access Transmission Services, Inc.,* 332 F.3d 348, 354 (6th Cir. 2003). Under this standard of review, the validity of an agency action is presumed and substantial deference is afforded the agency's expertise in evaluating the facts on the record. *GTE Midwest Inc. v. FCC,* 233 F.3d 341, 346 (6th Cir. 1998). The arbitrary or capricious standard requires the party challenging the agency action to "show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes and regulations." *Coalition for Government Procurement v. Federal Prison Industries, Inc.,* 365 F.3d 435, 475 (6th Cir. 2004). If there is any evidence to support the agency's decision, the decision is not arbitrary or capricious. *Id.*

In this appeal, plaintiff argues that she has met her burden of proof for survivor compensation by providing the reports of three physicians, all of whom opined that

Columbus Whaley's medical records indicate that his death was caused by a condition compensable under Part E. Therefore, plaintiff argues that the agency's decision denying benefits was arbitrary and capricious because it is not supported by the evidence.

Part E only authorizes awards in claims where it has been determined that the DOE employee actually contracted a covered illness. Plaintiff has not proven that Columbus Whaley contracted a covered illness. The causes of death noted on the death certificate - cerebral vascular accident, arteriosclerosis heart disease, and breathing problems - are not "covered illnesses" because there is no medical evidence in the record that establishes the necessary causal relationship between those illnesses and exposure to a toxic substance at a DOE facility. Plaintiff's argument is that the breathing problems referred to in the death certificate were caused by CBD and COPD. However, the medical record does not support a diagnosis of CBD or COPD. In fact, the only evidence testifying to a chronic respiratory condition is the employee's son's testimony which is not substantiated by any medical record. Moreover, the file contains no medical records relating to the employee's condition, or care and treatment after he retired from DOE in 1971.

Although the medical record contains notations regarding bouts of influenza and upper respiratory infections in 1952, 1953, 1956, 1957, 1958, 1970 and 1971, the agency determined that it was not indicative of CBD because the medical notes dated July 1959, December 1960 and April 1963 indicate the employee's chest x-rays were normal.

As regards Dr. Higgs', Dr. Wallace's, and Dr. Bruton's opinions that the employee had CBD, the agency is not bound by conclusory statements of physicians, particularly where they are unsupported by detailed objective criteria and documentation. These physicians never examined or treated the employee and did not have any personal knowledge of the employee's medical condition. Even the chest x-ray record which identifies the partially calcified granuloma on which the plaintiff's physicians place so much weight, specifically states that there is no evidence suggestive of lung disease, and that this granuloma, which had been evident previously, was static and not believed to be of clinical significance. Moreover, later chest x-rays repeatedly stated that there was "no change since previous study" and "no evidence of active disease radiographically." Although plaintiff's experts disagreed with the agency's findings, there is no evidence in the record of interstitial disease or chronic respiratory problems of the employee requiring medical treatment. There are also no pulmonary studies to establish a respiratory condition.

Because of the lack of credible medical evidence to support plaintiff's assertion that the deceased had contracted either CBD or COPD due to exposure to toxic substances during his employment at X-10, the court cannot find that the agency's decision to deny benefits under Part E of EEOICPA was arbitrary and capricious. The court finds that the agency's decision was based on a careful consideration of the relevant factors and the administrative record as a whole.

## Conclusion

For the reasons stated above, plaintiff's motion for judgment on the pleadings [Doc. 10] is **DENIED;** and this action is **DISMISSED**.

ENTER:

*Thomas H. Phillips*
_____
**Thomas W. Phillips**
**UNITED STATES DISTRICT JUDGE**